## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

DAVID RUSSELL on behalf of himself
and others similarly situated,

    Plaintiff,

v.                                        No. 8:24-cv-02421-CEH-AAS

CS CONTRACT SOLUTIONS, LLC,
d/b/a CONEXA TECHNOLOGIES, et al.,

    Defendants.

_____/

### JOINT MOTION TO MODIFY DISCOVERY DEADLINES

Pursuant to Federal Rule of Civil Procedure 16(b)(4) and Local Rule 3.01, Plaintiff David Russell ("Russell") and Defendants CS Contract Solutions, LLC d/b/a Conexa Technologies and Drive Management Group ("CS") and Citizens Telecom Services Company, LLC d/b/a Frontier Communications ("Frontier"), Benjamin Sunderland, and Keith Cristobal (collectively, "Defendants") hereby seek an order modifying the Court's Case Management and Scheduling Order (Doc. 26; "Scheduling Order"), entered January 31, 2025, to the extent set forth below.  In support of this joint motion, the parties state as follows:

PD.50357271.1

## BACKGROUND

1. On October 18, 2024, Russell initiated this action by filing his Collective Action Complaint. (*See* Doc. 1). In the Collective Action Complaint, Russell asserted a collective action claim of failure to pay overtime under the FLSA (Count I), a collective action claim for late payment of wages (Count II), and an individual claim for FLSA retaliation (Count III). (*See generally id.*).

2. With Defendants' consent, Russell filed an Amended Complaint on January 22, 2025, to correct the names of certain Defendants. (*See* Doc. 19).

3. Soon afterwards, on January 28, 2025, the parties submitted their Case Management Report to the Court. (*See* Doc. 25). The Court entered a corresponding Scheduling Order on January 31, 2025. (*See generally* Doc. 26). Significantly, the Court set the discovery deadline for August 1, 2025, and the dispositive motion deadline for September 2, 2025. (*See id.* at 2).

4. On February 5, 2025, Defendants moved to dismiss Russell's claims in Counts II and III of his Amended Complaint. (*See* Doc. 27).

5. In response, Russell filed a Second Amended Complaint on February 26, 2025. (*See generally* Doc. 28). The Second Amended Complaint, which contains

additional allegations and omits the collective action claim for late payment of wages, is the operative complaint in this action.[1]

6. On March 14, 2025, Russell filed Plaintiff's Motion for Conditional Certification of a Collective Action (Doc. 32 ("Cert. Motion")). In that Motion, Russell sought to conditionally certify a collective action with respect to his claim in Count I. (*See generally id.*).

7. On March 18, 2025,[2] Defendants filed a new partial motion to dismiss Count II of the Second Amended Complaint—*i.e.*, Russell's individual claim for FLSA retaliation. (*See* Doc. 34). That motion remains pending.

8. Throughout this time period, three opt-in plaintiffs filed their Notices of Consent to Join the proposed collective action. (*See* Doc. 29, filed March 5, 2025; Doc. 35, filed March 19, 2025; Doc. 49, filed June 7, 2025).

9. On May 19, 2025, the parties reached an agreement on Russell's Motion for Conditional Certification.[3] (*See* Amended Stipulation for Conditional

---

[1] Russell continues to pursue his collective action claim for *unpaid* overtime wages. (*See generally* Second Amended Complaint). Defendants dispute all liability with respect to that claim, but have not sought its dismissal at this stage.

[2] Defendants sought and received an extension of time to respond to the Second Amended Complaint. (*See* Endorsed Order (Doc. 31), entered on March 12, 2025).

[3] Due to ongoing factual developments and the parties' productive discussions narrowing the issues for judicial resolution, Defendants sought (and the Court granted) two extensions of time to respond to the Cert. Motion. As evidenced by the Stipulation, the parties submit that these extensions were productive and did not result in undue delay.

Certification (Doc. 47) ("Stipulation")). The parties jointly requested an order granting that motion to the specific extent described in their Stipulation. (*See id.*). The Court has not yet approved or rejected the parties' Stipulation.

10. As noted above, the current Scheduling Order sets the close of discovery as August 1, 2025. Accordingly, the parties jointly request an order extending the discovery deadlines.

## MEMORANDUM OF LAW

Under Federal Rule of Civil Procedure 16(b)(4), the Court may modify scheduling orders for "good cause." "The good cause standard 'precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension.'" *Sanho Corp. v. Kaijet Tech. Int'l Ltd., Inc.*, 1:18-CV-05385-SDG, 2019 WL 13059900, at *2 (N.D. Ga. Nov. 7, 2019) (*quoting Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418–19 (11th Cir. 1998)). The parties submit that there has been no lack of diligence in litigating this action, and that modification of the Scheduling Order is both necessary and appropriate. *See Lord v. Fairway Elec. Corp.*, 223 F. Supp. 2d 1270, 1277 (M.D. Fla. 2002) (recognizing that "it is desirable for all cases to be resolved on their merits with all relevant information available to the trier of fact").

As an initial matter, the parties note that the Court has not had occasion to rule on Defendants' Partial Motion to Dismiss Count II of Russell's Second

PD.50357271.1

Amended Complaint. Because Count II—but not Count I—relates to the circumstances of Russell's termination, the Court's resolution of this Motion will significantly affect the scope of discovery. Should the Court deny the Motion, all parties will likely be entitled to seek discovery on the circumstances surrounding Russell's termination.[4] If the Motion is granted, much of this information may become irrelevant to the claims and defenses in this case. Accordingly, the parties submit that there is good cause to modify the Scheduling Order. Because the parties have not received a ruling on that Motion, they are unable to conduct or assess the appropriate discovery within the existing schedule.

In addition, the Court's entry of an order on the Stipulation for Conditional Certification will greatly impact the case schedule. If the Court grants notice, Defendants anticipate that notice of this action will be issued to at least 160 putative collective members. The opt-in rate, of course, will have significant effects on the scope of discovery, and the amount of discovery needed, in this case. The parties submit that this independently establishes good cause to modify the Scheduling Order.

The parties submit that any apparent delays in litigating this case have not resulted from any party's lack of diligence, but rather reflect diligent attempts to

---

[4] If the Court denies the Motion, of course, the parties reserve the right to dispute the appropriateness of discovery requests or objections relating to this claim.

resolve issues with minimal judicial intervention. For example, Russell's filing of a Second Amended Complaint mooted Defendants' original Motion to Dismiss (*see* Endorsed Order (Doc. 39)), but narrowed the issues to be addressed in the pending Motion to Dismiss. Likewise, the extended time Defendants requested in responding to the Motion for Conditional Certification resulted in the parties reaching an agreement on this issue. *See generally* Stipulation. In short, the parties have been diligent in litigating this case. In doing so, they have endeavored "to secure the just, speedy, and inexpensive determination" resolution of this action. *See* Fed. R. Civ. P. 1. Accordingly, the parties submit that there is good cause to modify the Scheduling Order.

At this time, without knowing how many putative opt-in plaintiffs will join this action, the parties request that the Court suspend the requirement for a case management report until after the opt-in period closes and the parties can determine the size of this collection action. Once the number of opt-in plaintiffs is known, the parties can appropriately shape the case management schedule to suit the size of the collective. Accordingly, the parties request that the Court suspend the case management deadlines in this action and permit the parties to submit a case management report within 14 days after the opt-in period closes.

## CONCLUSION

For the reasons set forth above, the parties submit that they have shown good cause to modify the Court's Scheduling Order. Accordingly, the parties jointly and respectfully request that the Court enter an order suspending the discovery and other case management deadlines in this action and ordering the parties to submit a case management plan within 14 days after the close of the opt-in period.

Date: July 31, 2025

| | |
|---|---|
| /s/ Taylor Crabill | /s/ Dennis M. McClelland |
| Taylor Crabill (Lead Counsel) | Dennis M. McClelland (Lead Counsel) |
| Florida Bar No.: 1054063 | Florida Bar. No.: 091758 |
| Crabill PLLC | Jason Pill |
| 71-01 Austin St. | Florida Bar No.: 70284 |
| Forest Hills, NY 11375 | Wesley D. Thorp |
| Telephone: (727) 335-1030 | Florida Bar No. 1039837 |
| tcrabill@crabilllawfirm.com | PHELPS DUNBAR LLP |
| | 100 South Ashley Drive, Suite 2000 |
| *Attorney for Plaintiff* | Tampa, Florida 33602 |
| | Telephone: (813) 472-7550 |
| | dennis.mcclelland@phelps.com |
| | jason.pill@phelps.com |
| | wesley.thorp@phelps.com |
| | |
| | *Attorneys for Defendants* |

## CERTIFICATE OF SERVICE

      I hereby certify that on July 31, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

                                      */s/ Dennis M. McClelland*
                                      *Attorney*