UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID RUSSELL,

     Plaintiff,

v.                                  Case No: 8:24-cv-2421-CEH-AAS

CS CONTRACT SOLUTIONS, LLC,
ET AL.,

     Defendants.

_____

## ORDER

This matter comes before the Court *sua sponte*. Plaintiff David Russell brings a collective action for overtime pay and an individual claim for retaliation under the Fair Labor Standards Act. For the reasons articulated below, Plaintiff's Collective Action Amended Complaint (Doc. 28) constitutes a shotgun pleading. The Court will dismiss the complaint and grant Plaintiff leave to file a third amended complaint.

### I.     Relevant Facts[1]

Defendant Conexa Technologies and Drive Management Group is a domestic telecommunications company that provides telecommunications services including project-based staffing. Doc. 28 ¶ 22. Defendant Frontier Communications is a domestic telecommunications company that provides broadband, voice, and television services to residential and business customers. *Id.* ¶ 41. Through an agreement,

---

[1] The facts set forth are those alleged in the Second Amended Complaint.

Frontier hires Conexa employees called technicians to perform services for Frontier's customers. *Id.* ¶ 50.

Plaintiff David Russell is an employee of Defendants Conexa and Frontier. *Id.* ¶ 21. Conexa hired Russell as a technician in or around 2020. *Id.* ¶ 19. In February 2023, through Conexa, Frontier hired Russell to work as a technician and provide services to its customers in the Saint Petersburg and Seminole, Florida area. *Id.* ¶ 20.

Defendants pay technicians on a piece-rate basis, meaning Defendants pay technicians based on various rates they assign to specific jobs or services technicians complete. *Id.* ¶ 92. As part of their piece-rate pay practices, Defendants pay technicians a per diem amount equal to $130 when they require technicians to travel 50 or more miles to their first assigned jobsite. *Id.* ¶ 8.

On March 25 and 27–30, 2024, Defendants required Russell to travel 50 or more miles to his first assigned jobsites for each of those days. *Id.* ¶ 9. In total, Russell earned $650 in per diem wages during the workweek ending on March 30, 2024. *Id.* On April 4, 2024, Conexa informed Russell through instant message that Frontier was refusing to pay the per diem wages for March 25, 27, 28, 29, and 30. *Id.* ¶ 115. Later that day, Russell called Ryan Nemmers, Director of Operations at Conexa, and complained about Defendant's refusal to pay the per diem wages. *Id.* ¶ 116. Nemmers told Russell that Defendants would not make the per diem payments. *Id.* ¶ 117.

Russell claims he is entitled to overtime pay at a rate that includes his per diem wages. *Id.* ¶¶ 139-145. Russell claims that Defendant's refusal to pay his per diem

wages decreased the amount of his earned overtime wages. *Id.* ¶ 126. In total, Russell claims he earned $3,179.00 in piece-rate pay that workweek, including the $650.00 in per diem wages. *Id.* ¶ 133.

During his April 4, 2024, call with Nemmers, Russell told Nemmers that he intended to pursue legal action to recover his per diem travel wages. *Id.* ¶ 13. On April 12, 2024, Nemmers sent Russell a termination letter. *Id.* ¶ 124. Defendants backdated the termination to April 5, 2024, the day after Russell complained about the unpaid per diem travel wages and his intention to file a lawsuit. *Id.*

Plaintiff brings two counts in his Amended Complaint. Under Count I, Plaintiff claims he and other similarly situated technicians were not paid overtime compensation for hours worked more than forty per week as required by the Fair Labor Standards Act (FLSA). Under Count II, Plaintiff alleges he was terminated in retaliation for a singular complaint he made to Ryan Nemmers, Director of Operations at Conexa, on April 4, 2024.

## II.   Motion to Dismiss

### a.   Standard

To survive a motion to dismiss under Rule 12(b)(6), a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, mere naked assertions are not sufficient. *Id*. A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id*.

In addition to including "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2); *Ashcroft*, 556 U.S. at 677-78; each claim must be "limited as far as practicable to a single set of circumstances," and each claim founded on a separate transaction or occurrence must be stated in a separate count or defense if doing so would promote clarity. Fed. R. Civ. P. 10(b). Failure to comply with these rules may result in a shotgun pleading. "A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Lampkin-Asam v. Volusia County School Bd.*, 261 Fed. Appx. 274, 277 (11th Cir. 2008) (citation omitted). This includes a complaint that is "disjointed, repetitive, disorganized and barely comprehensible." *Id.* at 276.

### b. Discussion

The Eleventh Circuit has identified four general types of shotgun pleadings. *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1322–23 (11th Cir. 2015).

Relevant here, a complaint that contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint" constitutes a shotgun pleading. *Id.* at 1321. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* When faced with a shotgun pleading, a court should strike the complaint and instruct plaintiff to file a more definite statement. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 984 (11th Cir. 2008) (collecting cases*), abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

The Eleventh Circuit repeatedly condemns the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil dockets." *PVC Windows, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010). Shotgun pleadings require the district court to sift through allegations in an attempt to separate the meritorious claims from the unmeritorious, resulting in a "massive waste of judicial and private resources." *Id.* (citation omitted). Thus, the Eleventh Circuit has established that a shotgun pleading is an unacceptable form of establishing a claim for relief.

The Second Amended Complaint here constitutes a shotgun pleading. Plaintiff's second and final cause of action incorporates all the preceding allegations of the Second Amended Complaint. Doc. 28 ¶ 162 ("Plaintiff hereby repeat and reallege the foregoing allegations as if set forth fully herein."). This form of pleading is

exactly the type repeatedly condemned by the Eleventh Circuit. Therefore, the Court will *sua sponte* dismiss the Second Amended Complaint and grant Plaintiff leave to file an amended complaint which conforms with the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. In filing an amended complaint, Plaintiff shall ensure that he avoids shotgun pleading pitfalls and complies with applicable pleading requirements.

Accordingly, it is hereby **ORDERED:**

1. Plaintiff's Collective Action Second Amended Complaint (Doc. 28) is **DISMISSED without prejudice** as a shotgun pleading.

2. Plaintiff is granted leave to file a third amended complaint within **FOURTEEN (14) DAYS**, which must correct the deficiencies discussed herein. Failure to file an amended complaint within the time provided will result in the dismissal of this action without further notice.[2]

3. Defendants' Partial Motion to Dismiss Count II of Plaintiff's Collective Action Second Amended Complaint is **DENIED as moot**.

**DONE** and **ORDERED** in Tampa, Florida on September 11, 2025.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to: Counsel of Record; Unrepresented Parties

---

[2] The Court accepts Plaintiff's Collective Action Third Amended Complaint filed at Doc. 56 as the operative complaint.