**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DAVID RUSSELL, *on behalf of himself and others similarly situated*,

Plaintiff,

v. Case No: 8:24-cv-2421-CEH-AAS

CS CONTRACT SOLUTIONS, LLC, d/b/a CONEXA TECHNOLOGIES and DRIVE MANAGEMENT GROUP, ET AL.,

Defendants.

---

# ORDER

This matter comes before the Court on Defendants Conexa Technologies and Drive Management Group, Citizens Telecom Services Company, LLC (d/b/a Frontier Communications), Benjamin Sunderland, and Keith Cristobal's Partial Motion to Dismiss Count II of Plaintiff's Collective Action Third Amended Complaint (Doc. 60). In the Motion, Defendants seek to dismiss Count II of the Collective Action Third Amended Complaint, which asserts a claim for retaliation under the Fair Labor Standards Act. Plaintiff David Russell filed a response in opposition (Doc. 67). Upon careful consideration of the Defendants' Motion and being fully advised in the premises, the Court will deny the Motion.

## I. BACKGROUND[1]

Defendant Conexa Technologies and Drive Management Group is a telecommunications services company that provides project-based staffing for inside and outside plant projects. Doc. 56 ¶ 22. Defendants Benjamin Sunderland and Keith Cristobal are owners of Conexa. *Id.* ¶¶ 31, 36. Defendant Frontier Communications is a telecommunications company that provides broadband, voice, and television services to residential and business customers. *Id.* ¶ 41. Through an agreement, Frontier hires Conexa employees called technicians to perform services for its customers. *Id.* ¶ 50.

Plaintiff David Russell is an employee of Defendants Conexa and Frontier. *Id.* ¶ 21. In 2020, Conexa hired Russell as a technician. *Id.* ¶ 19. In February 2023, through Conexa, Frontier hired Russell. *Id.* ¶ 20.

Defendants pay technicians on a piece-rate basis, meaning Defendants pay technicians based on various rates they assign to specific jobs or services technicians complete. *Id.* ¶ 92. As part of their piece-rate pay practices, Defendants pay technicians a per diem amount of $130 when technicians travel fifty or more miles to their first assigned jobsite. *Id.* ¶ 8.

---

[1] The following statement of facts is derived from the Collective Action Third Amended Complaint (Doc. 56), the allegations of which the Court must accept as true in ruling on the instant motion to dismiss. *See Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

On March 27, 28, 29, and 30, 2024, Defendants required Russell to travel fifty or more miles to his first assigned jobsites. *Id.* ¶ 9. In total, Russell earned $650 in per diem wages during the workweek ending on March 30, 2024. *Id.* On April 4, 2024, Conexa informed Russell through instant message that Frontier was refusing to pay his per diem wages from March 25–30. *Id.* ¶ 115. Later that day, Russell called Ryan Nemmers, Director of Operations at Conexa, and "complained about Defendants' refusal to pay him the per diem travel wages he earned on March 25, 27, 28, 29, and 30." *Id.* ¶ 116. Nemmers told Russell that Conexa could not pay the per diem amounts unless Frontier sent it money to cover those payments. *Id.* ¶ 117. Nemmers also stated that Frontier had conducted an audit of Conexa and discovered that Conexa was improperly approving the payment of per diem travel wages to technicians that were not commuting fifty or more miles to their first assigned job sites. *Id.* ¶ 118. Russell responded to Nemmers stating "he intended to pursue legal action in connection with Defendants' refusal to pay him his earned per diem travel wages." *Id.* at 120. Nemmers replied, "I would love to see how that plays out." *Id.* ¶ 121.

On April 12, 2024, Nemmers sent Russell a letter stating that Defendants had terminated his employment and had backdated the termination to April 5, 2024. *Id.* ¶ 124. Nemmers states:

> It is with regret that we inform you that your employment with CS Contract Solutions will be terminated effective April 5, 2024. Your stipulation that you would only fulfil the needs of the business with compensation for mileage that was unwarranted does not align with our

> requirements. Furthermore, the threatening of legal action and harassment of company executives is considered unbecoming and hostile behavior which is in violation of our company Code of Conduct.

*Id.* ¶ 125.

Russell claims that Defendants refusal to pay him his per diem travel wages reduced his regular rate of pay and as a result, his overtime pay rate for the workweek of March 30, 2024. *Id.* ¶ 126. In total, Russell earned $3,179.00 in piece-rate pay that workweek, including the $650.00 in per diem wages. *Id.* ¶ 133.

Plaintiff brings two counts in his Amended Complaint. Under Count I, Plaintiff claims he and other similarly situated technicians were not paid overtime compensation for hours worked more than forty per week as required by the Fair Labor Standards Act, 29 U.S.C. § § 201, *et. seq*. ("FLSA"). *Id.* ¶¶ 154–161. Under Count II, Plaintiff alleges he was terminated in retaliation for a singular complaint he made to Ryan Nemmers, Director of Operations at Conexa, on April 4, 2024. *Id.* ¶¶ 162–167.

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, mere naked assertions are not sufficient. *Id*. A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id*.

## III. DISCUSSION

"The FLSA protects persons against retaliation for asserting their rights under the statute." *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342 (11th Cir. 2000) (quoting 29 U.S.C. § 215(a)(3)). "To prove retaliation, a plaintiff must ultimately show: '(1) [he] engaged in activity protected under [the FLSA]; (2) [he] subsequently suffered adverse action by the employer; and (3) a causal connection existed between [his] activity and the adverse action.'" *Smith v. Haynes & Haynes P.C.*, 940 F.3d 635, 648 (11th Cir. 2019) (quoting *Wolf*, 200 F.3d at 1342–43).

Prior to 2011, circuit courts were split on whether protected activity under the anti-retaliation provision of the FLSA included informal oral complaints. *Compare EEOC v. White & Son Enterprises*, 881 F.2d 1006, 1011–12 (11th Cir. 1989) (finding antiretaliation provision of FLSA covers unofficial complaints) *Hagan v. Echostar Satellite, L.L.C.*, 529 F.3d 617, 625 (5th Cir. 2008) (same); *with Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 106 (2d Cir. 2015) (finding antiretaliation provision of FLSA does

not cover informal complaints). The Supreme Court clarified this issue in *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 13 (2011), when it held that informal oral complaints are protected activity under the FLSA's anti-retaliation provision so long as they provide an employer "fair notice that an employee is making a complaint that could subject the employer to a later claim of retaliation." The Supreme Court further stated, "To fall within the scope of the antiretaliation provision, a complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection." *Id.* at 14.

Defendants ask the Court to dismiss Russell's retaliation claim for failure to state a claim because he does not assert that he engaged in protected activity under the FLSA.[2] Doc. 60 at 5. They argue that the FLSA protects the payment of minimum wage plus overtime and nothing more. *Id.* at 9. Defendants further argue that under the FLSA there is no right to receive all regular pay or wages due. *Id.* They suggest that whether Russell asserted a right protected by the FLSA depends on whether he complained of a minimum wage or overtime pay violation under the FLSA. *Id.*

Russell responds that he engaged in protected activity despite not specifically referencing the FLSA in his complaint to his employer. Doc. 67 at 7. He argues that his complaint concerned overtime because his per diem travel wages should have been used in the calculation to determine overtime pay. *Id.* at 11. He further argues that an

[2] Defendants do not dispute the other two elements for a FLSA retaliation claim in their Motion to Dismiss.

activity is protected under the FLSA so long as the complaint concerns the employer's wage and hour practices. *Id.* at 7. Russell claims that Defendants, as a result, were put on notice of a possible FLSA wage violation when he complained about the per diem travel wages. *Id.* at 8.

Section 207(a)(1) of the FLSA requires employers to compensate employees at an overtime rate if they work more than forty hours during a workweek. *Abel v. S. Shuttle Servs., Inc.*, 631 F.3d 1210, 1212 (11th Cir. 2011). The overtime rate for an employee is calculated at a rate of at least one and one-half times the regular rate at which he is employed. 29 U.S.C.A. § 207(a)(1). "An employee's regular rate is the hourly rate actually paid the employee for the normal, non-overtime workweek for which he is employed." *Boyle v. City of Pell City*, 866 F.3d 1280, 1286 (11th Cir. 2017) (citation modified). Per diem travel wages are not included in an employee's regular rate if they are reasonable travel expenses. 29 U.S.C. § 207(e)(2). Some circuits have found that per diem payments that vary with the amount of work performed are part of the regular rate. *See Baouch v. Werner Enters., Inc.*, 908 F.3d 1107, 1116 (8th Cir. 2018); *Sharp v. CGG Land (U.S.) Inc.*, 840 F.3d 1211, 1215–16 (10th Cir. 2016); *Newman v. Advanced Tech. Innovation Corp.*, 749 F.3d 33, 35-37 (1st Cir. 2014); *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1041-42 (5th Cir. 2010). In *Baouch*, the Eight Circuit found that payments tied to miles driven were a part of the regular rate. *Baouch*, 908 F.3d at 1116.

As a cursory matter, whether Defendants actually violated the FLSA by not using Russell's per diem travel wages to determine overtime pay is of no consequence

for purposes of the retaliation claim because "complaints of legal activity can still be protected if the employee has an objectively reasonable, good faith belief that the employer's conduct is unlawful." *Keith v. Univ. of Miami*, 437 F. Supp. 3d 1167, 1172 (S.D. Fla. 2020). Russell has alleged a good faith belief that his employer's conduct is unlawful. Doc. 56 ¶ 120 ("Russell . . . intended to pursue legal action in connection with Defendants' refusal to pay him his earned per diem travel wages."). And that belief is objectively reasonable because the per diem payments here are based on work performed, *i.e.*, miles driven. *See Baouch*, 908 F.3d at 1116. The relevant issue here then is whether a reasonable employer would have understood Plaintiff's per diem travel complaint as an assertion of rights under the FLSA. *See Kasten*, 563 U.S. at 14.

"Informal complaints to an employer regarding wage practices or any conduct that implicates the FLSA qualify as protected activity." *Gomez v. Blessed Cars, LLC*, No. 6:24-CV-01093-WWB-NMH, 2025 WL 2443048, at *4 (M.D. Fla. Apr. 23, 2025), *report and recommendation adopted*, No. 6:24-CV-1093, 2025 WL 2443072 (M.D. Fla. Aug. 4, 2025). "The fact that an employee does not refer specifically to the FLSA does not mean his informal complaint is unprotected, so long as the complaint concerns the employer's wage and hour practices." *Davidson v. Patel*, No. 1:22-CV-3934, 2023 WL 10406725, at *5 (N.D. Ga. Sept. 30, 2023) (citing *Burnette v. Northside Hosp.*, 342 F. Supp. 2d. 1128, 1134 (N.D. Ga. 2004)).

Defendants are correct that courts have found an employee's complaints concerning an employer's failure to pay overtime compensation to be protected activity under the FLSA. *See Warren v. Chester Cnty., Tennessee*, No. 25-5370, 2026 WL

372953, at *6 (6th Cir. Feb. 10, 2026); *Boynton v. Stone Age Korean BBQ, LLC*, No. 5:23-CV-00351, 2023 WL 12166504, at *5 (N.D. Ala. Aug. 1, 2023); *Rogers v. B&B Ent., LLC*, No. 18-CV-61478, 2018 WL 11319300, at *4 (S.D. Fla. Oct. 5, 2018). Protected activity under the FLSA however, is not limited to complaints that use certain buzzwords such as "FLSA" or "overtime." *See EEOC v. White and Sons Enters.,* 881 F.2d 1006, 1011 (11th Cir. 1989) ("By giving a broad construction to the anti-retaliation provision to include the form of protest engaged in here by the charging parties, its purpose will be further promoted."). In fact, the oral complaint that the Supreme Court considered in *Kasten* did not reference the FLSA or overtime. *See Kasten*, 563 U.S. at 5. The employee there complained that the location of time clocks was illegal because it "prevented workers from receiving credit for the time they spent putting on and taking off their work clothes." *Id.* On remand, the Seventh Circuit found that the employee's complaint was protected activity under the FLSA. *Kasten v. Saint-Gobain Performance Plastics Corp.*, 703 F.3d 966, 976 (7th Cir. 2012).

Other courts have found that a plaintiff has successfully pled a retaliation claim under the FLSA where the plaintiff complains about unpaid wages. *See Keith Schultz v. Summit Aerospace, Inc. et al.*, No. CV 24-11530, 2026 WL 2069991, at *6 (D.N.J. July 17, 2026) (unpaid wages); *Johnson v. Queen's Nail Art, Inc.*, No. 23-CV-789, 2025 WL 4376310, at *3 (S.D.N.Y. Oct. 15, 2025) (improper withholding of taxes); *Ruano v. Scratch Kitchen & Bistro, LLC*, No. CV DKC 23-2461, 2025 WL 2194634, at *7 (D. Md. Aug. 1, 2025) (unpaid wages); *Miller v. E. Amanda Dellinger, LLC*, No. 1:22-CV-3023,

2023 WL 12211480, at *5 (N.D. Ga. Sept. 26, 2023) (unpaid work); *see also Bowman v. Crossmark, Inc.*, No. 3:09-CV-16, 2012 WL 2597875, at *10 (E.D. Tenn. July 5, 2012) (denying summary judgment for an FLSA retaliation claim where the plaintiff complained about a drive time policy that implicated wages).

Russell's complaints may constitute protected activity under the FLSA. Russell complained about unpaid travel wages. Those unpaid travel wages could implicate his overtime pay. By so doing Russell flagged that Defendants' refusal to pay these wages was an illegal practice. Russell informed Defendants that he would seek legal action for his earned per diem travel wages, which could have put them on notice that he was asserting rights under the FLSA.

Defendants suggest that this case is akin to *Morgan v. Morgan & Morgan*, No. 1:23-CV-05920, 2024 WL 6981267, at *8 (N.D. Ga. Sept. 30, 2024), *report and recommendation adopted*, No. 1:23-CV-5920, 2024 WL 6981226 (N.D. Ga. Nov. 12, 2024). In *Morgan*, the alleged protected activity concerned an employee who was disappointed that her law firm employer did not provide a bonus from a case that settled. *Id.* The court there found that the complaint did "not amount to the requisite adversarial assertion of statutory rights under the FLSA." *Id.* (citation modified).

Defendants also cite *Dunn v. Sederakis*, 143 F. Supp. 3d 102, 113 (S.D.N.Y. 2015). The complaints in that case contained generalized references to overtime. *Id.* Despite these references to overtime, the court held that the employee's complaints

were not protected activity because the references to overtime were provided in the context of a "litany of complaints that plainly concerned non-FLSA matters." *Id.*

*Morgan* and *Dunn* are unpersuasive. In *Morgan*, the employee's complaint concerned an employer's failure to provide a bonus, which had no relationship to any potential FLSA violation. Here, Russell complained about an employment practice concerning his per diem travel wages that could have affected his overtime pay. And unlike the employee in *Dunn*, Russell does not raise his complaint in the context of a litany of other non-FLSA complaints. Russell's complaint regarding per diem travel wages was the only one raised during his conversation with his employer.

Additionally, Defendants rely on several summary judgment decisions,[3] that are unavailing when considering their motion to dismiss, as the Court must limit its analysis to the complaint and its attachments. The summary judgment stage requires a different legal standard than the present motion to dismiss. *See Ashcroft*, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). Determining whether an employer received fair notice that an employee is asserting rights under the FLSA depends on "both content and context." *Kasten*, 563 U.S. at 14. Whether or not Russell's per diem travel wages were compensation for overtime is best determined on

---

[3] *See Bennett v. Sch. Bd. of Madison Cnty.*, No. 4:06cv155, 2007 WL 9735151, at *2 (N.D. Fla. Apr. 29, 2007); *Perez v. Brands Mart Serv. Corp.*, No. 10-61203-CIV, 2011 WL 3236022, at *4 (S.D. Fla. July 28, 2011); *Jochem v. PolyMedica Corp.*, No. 05-14259-CIV, 2007 WL 9702275, at *3 (S.D. Fla. July 18, 2007), *report and recommendation adopted*, No. 05-14259-CIV, 2007 WL 9702367 (S.D. Fla. Aug. 20, 2007).

a fully developed record where the Court can look beyond the complaint and its attachments. The Court will need to look to the realities of Defendant's method of payment.

Russell pleads that the per diem travel wages are part of his piece-rate pay structure, and not reasonable reimbursement for travel expenses. Russell, therefore, has successfully pled a claim for retaliation under the FLSA.

Accordingly, it is

**ORDERED**:

1. Defendants' Partial Motion to Dismiss Count II of Plaintiff's Collective Action Third Amended Complaint (Doc. 60) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on September 9, 2026.

Charlene Edwards Honeywell

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any